IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CARLOS DEGLACE                                                                                            PETITIONER
REG. #04228-017

V.                                    NO.  2:05CV00313 JLH/JWC

LINDA SANDERS, Warden,                                                                            RESPONDENT
FCI, Forrest City, AR

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Carlos Deglace, an inmate formerly in the Federal Correctional Institution in Forrest City, Arkansas,[1] brings this 28 U.S.C. § 2241 petition for writ of habeas corpus, along with a supporting brief (docket entries #1, #2). Respondent has filed a motion to dismiss (docket entry #8), and Petitioner has replied (docket entry #11). For the reasons that follow, the petition should be dismissed.

I.

The procedural history is undisputed. Following a jury trial in May 1998 in the United States District Court for the Northern District of Florida, Petitioner was convicted of conspiring to distribute narcotics and of selling, distributing or dispensing narcotics, in violation of 21 U.S.C. §§ 841(b), 846. United States v. Deglace, et al., No. 5:98-cr-00008-

---

[1] Petitioner has been transferred to the Federal Correctional Institution-Low in Coleman, Florida (docket entry #12).

LC-MD-1, at #72, #74 (N.D. Fla.) (Deglace I) (Resp't Ex. 1).[2]  As a result of these convictions, judgment was entered and he was sentenced, on August 21, 1998, to concurrent imprisonment terms of 364 months, followed by five years of supervised release.  Id. at #92, #95.  Petitioner appealed, arguing: (1) that the trial court erred in denying his motion to suppress evidence; (2) that the evidence was insufficient to support his convictions; and (3) that there was a material variance and misjoinder (see docket entry #1, at 3-4).  The Eleventh Circuit Court of Appeals affirmed his convictions and sentence.  United States v. St. George, et al., 226 F.3d 646  (table) (11th Cir. 2000) (Deglace I, supra at #192).

Petitioner then filed in the Florida district court a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his conviction was obtained in violation of his Fifth Amendment right to a valid indictment, his conviction was obtained by use of evidence gained as a result of an unconstitutional search and seizure, and his conviction was obtained in violation of his Sixth Amendment right to the effective assistance of counsel.  The motion was denied as untimely by order entered on May 20, 2002. Id. at #224, #227 #241, #246, #247; see Resp't Ex. 2.  The Florida district court and the Eleventh Circuit Court of Appeals denied his applications for a certificate of appealability, and the United States Supreme Court denied his petition for a writ of certiorari and his subsequent petition for rehearing.  Deglace v. United States, No. 02-

---

[2]Resp't Ex. 1 is the docket sheet from Petitioner's criminal proceedings in the Florida district court. The Court has electronically accessed an updated docket sheet, reflecting numerous docket entries since submission of this exhibit.

13115-J (11th Cir. 2002), cert. denied, 537 U.S. 1221, reh'g denied, 538 U.S. 996 (2003) (see Deglace I, supra at #255, #288).

The docket sheet for Petitioner's criminal case in the Florida district court also shows that he filed several other post-conviction motions, that he unsuccessfully appealed their denials to the Eleventh Circuit, and that he initiated other motions in the Eleventh Circuit itself. See, e.g., Deglace I, supra at #264 [7/23/02 motion for judicial notice]; #265 [7/23/02 motion for new trial]; #287 [9/04/02 motion for reconsideration]; #299 [9/26/02 motion to file supplemental records based on newly discovered evidence]; #340 [1/06/03 motion requesting issuance of subpoena]; #350 [2/06/03 motion for reconsideration]; #394 [9/03/03 motion to supplement record on appeal]; #410 [5/04/05 motion for relief from judgment]; #433 [1/18/06 § 2255 motion to vacate]; see also #309 [referencing 11th Cir. order denying petition for rehearing]; #435 [referencing 11th Cir. order denying motion to file successive § 2255].

II.

In this § 2241 petition, Petitioner advances one claim: he is actually innocent of the crimes for which he has been convicted, he has diligently pursued and obtained evidence to prove his innocence, and the government obstructed his ability to present this claim earlier by withholding exculpatory evidence until after the deadline for filing a § 2255 motion. Respondent argues that, because Petitioner's claims relate to his convictions and sentence, they are not properly brought in this § 2241 petition.

Petitioner was incarcerated in this judicial district at the time of filing, but this is not the district where his convictions and sentence arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the

sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S. Ct. 2984 (2005); see § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002); DeSimone, 805 F.2d at 323; Cain v. Petrovsky, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986). A § 2241 petition for habeas corpus relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255 ¶ 5.

In this case, Petitioner's claims clearly are challenging the validity of his convictions and sentence and thus should have been directed to the Florida district court which convicted and sentenced him or to the appropriate Court of Appeals (in this case, the Eleventh Circuit). As stated, Petitioner's direct appeal of his conviction was unsuccessful, his first § 2255 motion was denied as untimely, his appeal of that denial was unsuccessful, and his subsequent, multiple attempts at obtaining relief from the sentencing courts have been rejected. See § 2255 ¶ 6 (federal defendant generally has one year from "the date

on which [his] judgment of conviction becomes final" to file a § 2255 motion). Because the sentencing courts have already "denied him relief," this Court cannot entertain Petitioner's § 2241 habeas petition unless the § 2255 remedy is "inadequate or ineffective" under the statute's savings clause. Petitioner contends that he should be allowed to proceed because of his actual-innocence claim and because he has never had an opportunity to present that claim.

A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. Abdullah, 392 F.3d at 959. This is a "narrowly-circumscribed 'safety valve.'" United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.), cert. denied, 537 U.S. 869 (2002). The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. Abdullah, 392 F.3d at 959. Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because petitioner has been denied permission to file a second or successive § 2255 motion, or because a § 2255 petition is time-barred. Id.

Moreover, a federal prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been raised in a direct appeal or a timely § 2255 motion in the sentencing district. Hill v. Morrison, 349 F.3d 1089, 1092 (8th Cir. 2003) (§ 2255 remedy not inadequate where petitioner could have raised claim in first or second § 2255 motion); Perez, 286 F.3d at 1063 (§ 2241 argument waived if not raised in sentencing court in first instance); United States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir. 2000)

(dismissing § 2241 claims which "could have been maintained in a timely § 2255 motion or on direct appeal").

A claim of actual innocence may allow a petitioner to bypass § 2255's gatekeeping requirements and proceed with a § 2241 habeas petition via § 2255's savings clause only where the petitioner had no earlier procedural opportunity to present his claims. Abdullah, 392 F.3d at 963; Lurie, 207 F.3d at 1077 n.4. "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." Abdullah, 392 F.3d at 963 (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)).

Here, Petitioner contends that the government withheld exculpatory evidence until after the § 2255 deadline, thereby obstructing his ability to obtain evidence in support of his actual-innocence claim. Accepting his contention as true, that does not render the § 2255 remedy inadequate. Petitioner has had ample opportunities – in the Florida district court and the Eleventh Circuit – to protest the sentencing court's decision to dismiss his § 2255 motion as untimely in light of any allegedly withheld exculpatory evidence. In fact, § 2255 provides for just this type of situation, stating that the one-year limitation period for § 2255 motions does not begin running until "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action," or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255 ¶

6(2) & (4).  Similarly, § 2255 permits a second or successive motion to be authorized by the appropriate Court of Appeals if it contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."

Therefore, if Petitioner has newly discovered, truly persuasive evidence of his innocence which was improperly withheld by the government, § 2255 provides a vehicle for testing the validity of that evidence and determining if it is sufficient to affect the running of the limitations period or to permit a successive § 2255 motion.  Here, Petitioner appealed and repeatedly challenged the Florida district court's determination of untimeliness, and he also sought Court of Appeals authorization for a successive motion. It is not clear if Petitioner presented to those courts all the evidence he now touts as "new."[3]  If the Eleventh Circuit Court of Appeals has not found it appropriate to excuse Petitioner's untimeliness based on his "new" evidence, this § 2241 habeas petition must be rejected as "no more than a transparent attempt to bypass the ruling of the [Eleventh] Circuit."  Hill, 349 F.3d at 1092.  If he has not yet presented the evidence to the Florida

---

[3]Petitioner's evidence consists of: (1) a summary of Drug Enforcement Administration (DEA) Agent Brian McLaurin's grand jury testimony, mailed to Petitioner by an attorney on July 16, 2002, (Pet'r Ex. A); (2) Florida Department of Law Enforcement (FDLE) records regarding physical evidence seized in another criminal case, received by Petitioner in August 2002 and October 2002 pursuant to public records requests, (Pet'r Ex. B, C); (3) DEA records received by Petitioner in August 2002 pursuant to a FOIA request, including a summary of the testimony of Juan C. Bruna in another criminal case, (Pet'r Ex. D); (4) letter from DEA dated August 20, 2004, refusing to provide information about Steven F. Ming, a witness who testified against Petitioner, (Pet'r Ex. E); (5) letters from DEA dated October 1, 2005, and May 23, 2005, apologizing for delay in responding to a request for information regarding "Reports or Summary of testimony prepared by DEA Forensic Chemist in ...", (Pet'r Ex. F); and (6) affidavit of Anthony Riley, dated November 21, 2001, (Pet'r Ex. G).  The Florida district court's docket sheet shows numerous filings by Petitioner which post-date his receipt of this evidence.

district court or the Eleventh Circuit, he has failed to demonstrate here that § 2255's statutory provisions, as cited above, are inadequate or ineffective to afford him relief if justified.

In summary, Petitioner has not demonstrated that the § 2255 remedy is an ineffective or inadequate vehicle to test the legality of his convictions and sentence. See Hill, 349 F.3d at 1092-93. He is not entitled to proceed under § 2241 because he did not or could not raise his current claims in his direct appeal or his § 2255 proceedings, because his § 2255 motion was denied as untimely and his challenges to that decision were unsuccessful, because his request to proceed with a successive § 2255 motion was denied, or because he believes any further attempts at obtaining relief from the Florida district court or the Eleventh Circuit would be futile. This Court, therefore, lacks subject matter jurisdiction to consider Petitioner's § 2241 habeas claims challenging his convictions. Abdullah, 392 F.3d at 964.

Accordingly, Respondent's motion to dismiss (docket entry #8) should be GRANTED, thereby dismissing this 28 U.S.C. § 2241 petition for writ of habeas corpus in its entirety without prejudice.

DATED this 22nd day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE